**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4596**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

KAMARIO EMMANUEL PALMER,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:08-cr-00125-NCT-1)

Submitted:  April 29, 2010                    Decided:  May 3, 2010

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kamario Emmanuel Palmer pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and was sentenced to 64 months imprisonment. Palmer's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Palmer's sentence is reasonable. Although advised of his right to file a pro se supplemental brief, Palmer has not done so.

We review the district court's sentencing decision for abuse of discretion. Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we must first examine the sentence for "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. When "rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The

2

district court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks omitted). The district court, however, is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

If the sentence is free of procedural error, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, this court applies a presumption on appeal that the sentence is reasonable. See Rita v. United States, 551 U.S. 338, 347 (2007).

We conclude that the district court did not commit procedural or substantive error in sentencing Palmer. The district court properly calculated and treated as advisory the Guidelines' imprisonment range of 57-71 months. The court heard argument from the parties on the appropriate sentence and gave Palmer an opportunity to allocute. The court considered the relevant § 3553(a) factors, addressing on the record the nature and circumstances of the offense, Palmer's history and characteristics, and the need for the sentence to protect the

public.   Further, neither counsel nor Palmer offers any grounds to rebut the presumption on appeal that the within-Guidelines sentence of 64 months' imprisonment is reasonable.

As required by Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.   This court requires that counsel inform Palmer, in writing, of the right to petition the Supreme Court of the United States for further review.   If Palmer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.   Counsel's motion must state that a copy thereof was served on Palmer.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED